UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRITTNEY MURDOCK, <br> Individually and on Behalf of <br> All Others Similarly Situated, <br><br> Plaintiff, <br><br> <br><br> HENLY LAND & HOMES, <br> INCORPORATED AND <br> ROY L. HENLY, II <br><br> Defendants. | CASE NO. 4:21-cv-00129 <br><br> JURY TRIAL DEMANDED <br><br> PURSUANT TO 29 U.S.C. § 216(b) <br><br> COLLECTIVE ACTION |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Brittney Murdock brings this action individually and on behalf of all current and former workers (hereinafter "Plaintiff and the Potential Class Members" or "Misclassified Workers") who worked for Defendant Henly Land & Homes, Incorporated and Roy L. Henly (hereinafter collectively "Henly") and received a salary plus commission but were not paid overtime, to recover compensation, liquidated damages, attorney's fees, and costs, pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

## I. OVERVIEW

1. This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq*.

2. Plaintiff and the Potential Class Members are those persons who are current and former non-exempt workers classified as independent contractors —Misclassified Workers—of Henly who worked there within the last three years.

3. Plaintiff and the Potential Class Members were (and are) paid as independent contractors on a salaried basis. Specifically, Henly paid its Misclassified Workers a flat amount

for each week worked without the proper overtime premium for all hours worked in excess of 40 in a workweek.

4. The decision by Henly not to pay proper overtime compensation to its Misclassified Workers was neither reasonable nor in good faith.

5. Henly knowingly and deliberately failed to compensate its Misclassified Workers overtime for all hours worked in excess of forty (40) hours per workweek.

6. The Misclassified Workers did not (and currently do not) perform work that meets the definition of exempt work under the FLSA.

7. Plaintiff and the Potential Class Members—the Misclassified Workers—therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

8. Plaintiff also prays that all similarly situated workers (Potential Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

9. Plaintiff Brittney Murdock ("Murdock") is an individual who resides in Wood County, Texas. Plaintiff Murdock worked for Henly within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Murdock was paid a fixed salary but did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

---

[1] The written consent of Murdock is attached hereto as Exhibit "A".

10. The Potential Class Members are those current and former non-exempt employees who worked for Henly and who were subjected to the same illegal pay system under which Plaintiff worked and was paid—specifically, all other Misclassified Workers.

11. Defendant Henly Land & Homes, Incorporated ("Henly") is a Texas corporation and may be served with process through its registered agent for service, Roy L. Henly, II, 1500 Interstate Highway 30 W, Sulphur Springs, TX 75482. Roy L. Henley, II is the owner/manager of Henly Land & Homes, Incorporated and may be served likewise.

## III.
## JURISDICTION & VENUE

12. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq*.

13. This Court has personal jurisdiction over Henly because the cause of action arose within this district as a result of Henly's conduct within this district.

14. Venue is proper in the Eastern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

15. Specifically, Henly has maintained a working presence in Sulphur Springs, Texas which is in this District.

16. Pursuant to 28 U.S.C. § 1391, venue is proper in any division of the Eastern District of Texas.

## IV.
## FLSA COVERAGE

17. At all times hereinafter mentioned, Henly has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18.     At all times hereinafter mentioned, Henly has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19.     At all times hereinafter mentioned, Henly has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

20.     During the respective periods of Plaintiff and the Potential Class Members' employment by Henly, these individuals provided services for Henly that involved interstate commerce.

21.     In performing the operations hereinabove described, Plaintiff and the Potential Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

22.     At all times hereinafter mentioned, Plaintiff and the Potential Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

23.     The proposed class of similarly situated independent contractor workers, i.e., potential class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all Misclassified Workers employed by Henly from December 15, 2017 to the present."

24. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Henly.

## V.
## FACTS

25. Henly is a mobile home dealer in Sulphur Springs, Texas. Henly employed (and continues to employ) numerous workers that were classified as independent contractors and paid a salary but did not receive overtime for all hours worked—all of these individuals make up the putative class. While exact job titles may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

26. Henly paid (and continues to pay) its Misclassified Workers a salary for the work they perform. The Misclassified Workers' compensation system did not (and does not) take into account all hours worked in a workweek or overtime hours.

27. While the precise job duties of the Misclassified Workers may vary somewhat, these variations do not impact their entitlement to overtime for hours worked in excess of forty (40) in a workweek. To the contrary, all of the Misclassified Workers are non-exempt employees.

28. Plaintiff and the Misclassified Workers routinely worked over forty (40) hours per workweek.

29. The Misclassified Workers' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Henly and/or its clients. Virtually every job function was pre-determined by Henly, including the schedule of work, and related work duties.

30. The Misclassified Workers were prohibited from varying their job duties outside of the predetermined parameters. Moreover, the Misclassified Workers' job functions were primarily

sales positions, requiring little to no official training, much less a college education or other advanced degree.

31. The Misclassified Workers worked far in excess of 40 hours per week, yet Henly did not (and still does not) pay them the proper amount of overtime for all hours worked in excess of 40 in a week.

32. Henly knows its Misclassified Workers work more than forty (40) hours in a week. The Misclassified Workers routinely work (and worked) in excess of sixty (60) or more hours in a workweek.

33. Thus, it is clear that Henly acted willfully and/or with reckless disregard of the applicable FLSA provisions by failing to properly compensate the Misclassified Workers for all hours worked in excess of forty (40) during the workweek.

## VI.
## FLSA VIOLATIONS

34. Henly violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for many of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

35. Moreover, Henly knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation for all of the overtime hours they worked. *See* 29 U.S.C. § 255(a).

36. Henly knew or should have known their pay practices were (and continue to be) in violation of the FLSA.

37. Henly is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

38. Plaintiff and the Misclassified Workers, on the other hand, are (and were) unsophisticated workers who trusted Henly to pay them according to the law.

39. The decisions and practices by Henly not to properly pay overtime for all of the overtime hours worked was neither reasonable nor in good faith.

40. Accordingly, Plaintiff and the Potential Class Members are entitled to overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorney's fees and costs.

## VII.
## MANAGERIAL LIABILITY OF HENLY

41. Defendant Roy L. Henly, II is a manager of Henly with "substantial control over the terms and conditions of the work" of Plaintiff and the putative class members. As such, Henly is an "employer" as defined by the Fair Labor Standards Act, 29 U.S.C. § 203(d). Plaintiffs allege that Henly willfully ignored the plan language of the FLSA regarding the payment of overtime wages for each workweek and was consciously indifferent to the rights of Plaintiffs with regard to the payment of overtime wages. Plaintiffs further allege that Henly intentionally sought no professional advice as to the legality of the pay practices at issue in this case.

## VIII.
## COLLECTIVE ACTION ALLEGATIONS

42. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all current and former Henly independent contractor workers who are (or were) similarly situated to

Plaintiff Murdock with regard to the work they have performed and the manner in which they have been underpaid—the Misclassified Workers.

43. Other similarly situated employees of Henly have been victimized by Henly's patterns, practices and policies, which are in willful violation of the FLSA.

44. The Potential Class Members are "all Independent Contractor Workers employed by Henly Homes & Land, Incorporated at any time from December 15, 2017 to the present."

45. Henly's failure to properly pay overtime wages results from generally applicable policies and practices of Henly and does not depend on the personal circumstances of the Plaintiff and Potential Class Members.

46. Thus, Plaintiff's experiences are typical of the experiences of the Potential Class Members.

47. The specific job titles or precise job requirements of the various Potential Class Members does not prevent collective treatment.

48. All of the Misclassified Workers—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek; not just those hours worked in excess of ten (10) or twelve (12) in a day.

49. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

50. Accordingly, the class of similarly situated Plaintiffs is defined as:

**All Independent Contractor Workers employed by Henly Homes & Land, Incorporated at any time from December 15, 2017 to the present.**

## IX.
## RELIEF SOUGHT

51.     Plaintiff respectfully prays for judgment against Henly as follows:

a.     For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Henly to provide the names, addresses, e-mail addresses, mobile telephone numbers, and social security numbers of all potential collective action members;

b.     For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c.     For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

d.     For an Order pursuant to Section 16(b) of the FLSA finding Henly liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

e.     For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

f.     For an Order awarding Plaintiff (and those who have joined in the suit) attorney's fees;

g.     For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

h.     For an Order awarding Plaintiff, a service award as permitted by law;

i.     For an Order compelling the accounting of the books and records of Henly; and

j.     For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Phone/Facsimile
bhommel@hommelfirm.com

**ATTORNEY IN CHARGE FOR PLAINTIFF AND POTENTIAL CLASS MEMBERS**